IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00236-BNB

GENE JOHNSON,

    Applicant,

v.

PAUL OTERO,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR - 7 2008

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant, Gene Johnson, is a pretrial detainee who currently is confined at the Colorado Mental Health Institute in Pueblo, Colorado. He initiated the instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 (2006).

The Court must construe the habeas corpus application liberally because Mr. Johnson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Johnson makes disjointed allegations. He is suing his social worker, Paul Otero, who allegedly has denied him copies of motions he maintains could help him in his criminal case. He argues that a Mrs. DuBois, the El Paso County Jail, and the Colorado Springs police have discriminated against him in relation to the crime with

which he was accused, and that his public defender has lied to him many times. He contends that Dr. Abel informed him he would fail his competency evaluation. As relief, he asks for "some attorney help with my case." Application at 5. Mr. Johnson also challenged the proceedings in his pending criminal case in *Johnson v. Abel*, No. 08-cv-00132-ZLW (D. Colo. Feb. 15, 2008), which was dismissed without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37, 45 (1971). In No. 08-cv-00132-ZLW, Mr. Johnson alleged that state criminal charges as an accessory to homicide were pending against him.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See id.*; *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995). To establish extraordinary or special circumstances, a plaintiff must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).

Mr. Johnson does not allege any facts that indicate he will suffer great and immediate irreparable injury if this Court fails to intervene in the ongoing, state-court, criminal proceedings. The fact that a criminal defendant may be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977). Therefore, the Court should abstain from exercising jurisdiction pursuant to *Younger*.

If Mr. Johnson ultimately is convicted in state court, and he believes that his

federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006) after he exhausts state remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action dismissed without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

DATED at Denver, Colorado, this 7 day of March, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00236-BNB

Gene Johnson
Colorado Mental Health Institute at Pueblo
1600 West 24th Street
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/7/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk